ORIGINAL

BRANCART & BRANCART
  Christopher Brancart (SBN 128475)
  Liza Cristol-Deman (SBN 190516)
Post Office Box 686
Pescadero, CA 94060
Tel:  (650) 879-0141
Fax:  (650) 879-1103
cbrancart@brancart.com
lcristoldeman@brancart.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANGELA SEAMAN, individually and on behalf of the GENERAL PUBLIC,

    Plaintiff,

vs.

FREIDON EFTEKHARI, also known as FRED EFTEKARI,

    Defendant.

Case No. C 07 4419 BZ

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

## I. INTRODUCTION

1.  This action seeks monetary, declaratory and injunctive relief against defendant Freidon Eftekhari, also known as Fred Eftekari, the sole owner of a residential apartment building located in Redwood City, California, for discriminating against African-Americans based on race or color, or both, in violation of the federal Fair Housing Act and related federal and state laws.

## II. JURISDICTION, VENUE, AND INTRADISTRICT ASSIGMENT

2.  Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. section 1331 in that the claims alleged herein arise under the laws of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. section 1367 to hear and determine plaintiff's state law claims because those claims are related to plaintiffs' federal law claims and arise out of a common nucleus of related facts. Plaintiff's state law claims are related to plaintiff's federal law claims such that those claims form part of

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

1

1  the same case or controversy under Article III of the United States Constitution.

2     3.    Venue is proper in the Northern District of California because the claims
3  alleged herein arose within San Mateo County, California.

4     4.    Pursuant to Local Rule 3-2, this action is properly assigned to the San
5  Francisco Division of the United States District Court for the Northern District of
6  California because the claims alleged herein arose within San Mateo County, California.

### III. PARTIES

8     5.    Plaintiff Angela Seaman is a resident of Redwood City, California. She
9  resides with her two minor children. Ms. Seaman is an African-American citizen of the
10 United States.

11    6.    Defendant Freidon Eftekhari, also known as Fred Eftekari, is a licensed
12 real estate broker with Re/Max Today in San Carlos, California. He is the owner of the
13 residential apartment building located at 317 Poplar Avenue in Redwood City, California
14 (hereafter, "the Poplar Building"). The Poplar Building consists of approximately four
15 apartments offered for rent to members of the general public. The Poplar Building and
16 the apartments in the building constitute dwellings and housing accommodations within
17 the meaning of the federal Fair Housing Act and the California Fair Employment and
18 Housing Act.

### IV. FACTS

### A. INTRODUCTION

21    7.    Defendant, acting individually or in concert, directly or through agents, has
22 engaged in a pattern or practice of discrimination against African-Americans, including
23 the plaintiff, on account of race or color. Defendant has pursued this pattern or practice
24 of discrimination with the purpose or effect of excluding African-Americans and other
25 persons of color from residing at the Poplar building. Defendant continues to engage in
26 such a pattern or practice of discrimination so as to constitute a continuing violation.
27 Defendant's illegal acts include, but are not limited to:

28    A.    Discriminating in the rental of, or otherwise making unavailable or

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

2

1  denying, a dwelling to any renter because of race or color or both;

2  B. Restricting or attempting to restrict the choices of a person by word or conduct in connection with seeking, negotiating for, or renting a dwelling, because of race, color, or both;

3  C. Representing to any person because of race, color, or both that a dwelling is not available for rental when such dwelling is in fact available;

4  D. Discouraging any person from inspecting or renting a dwelling because of race, color, or both;

5  E. Discouraging the rental of a dwelling because of race, color, or both by exaggerating drawbacks or failing to inform any person of desirable features of a dwelling;

6  F. Limiting information, by word or conduct, regarding suitably priced dwellings available for inspection or rental because of race, color, or both; and,

7  G. Providing false or inaccurate information regarding the availability of a dwelling for rental to any person, including testers, regardless of whether such person is actually seeking housing, because of race, color, or both.

### B. DEFENDANT DISCRIMINATED AGAINST ANGELA SEAMAN

8. In or about early February 2007, plaintiff Angela Seaman saw a listing on a website, craigslist.com, advertising an apartment for rent in Redwood City. The listing stated that there was a 2 bedroom, remodeled apartment available west of El Camino in Redwood City, renting for $1400 per month. The listing stated to call "Fred" at 650-345-0000. Plaintiffs are informed and believe, and thereon allege, that this phone number belongs to "Eftekari Properties."

9. On or about February 6, 2007, Ms. Seaman called the number listed for Fred to learn more information about the advertised apartment. Ms. Seaman spoke with a man who identified himself as Fred. Fred stated that the apartment was located at 317 Poplar, near the intersection of Hess. He agreed to show the apartment to Ms.

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

3

Seaman. Ms. Seaman and Fred had approximately three different phone conversations attempting to make arrangements to meet at the unit. They scheduled an appointment for February 11, 2007 at 11:00 a.m.

10.   On or about February 11, 2007, shortly before 11:00 a.m., Ms. Seaman arrived at 317 Poplar to meet with Fred and see the apartment for rent. Ms. Seaman looked around outside 317 Poplar to locate Fred. She walked around the building and observed two vacant apartments. Shortly after 11:00 a.m., a man drove up in a truck and parked near the stairs at the Poplar Building. He got out of the truck, removed something from the back of the truck, and walked upstairs. He walked past Ms. Seaman and entered a unit. He then left the unit and returned to his truck. He did not acknowledge Ms. Seaman. Ms. Seaman assumed he was a tenant.

11.   After waiting for nearly 30 minutes, Ms. Seaman called Fred from her cell phone. She reached his voice mail. She left a message stating that she was Angela and she was waiting for him at the Poplar Building. Shortly after she left the message, the man got out of the truck and approached Ms. Seaman. He asked, "did you just leave me a message?," or words to that effect. Ms. Seaman said, "Are you Fred?" The man replied that he was Fred. Ms. Seaman said, "I'm Angela." Fred looked Ms. Seaman up and down and said, "Interesting."

12.   Fred then stated that he did not have much time. Ms. Seaman asked if she could see the apartment. Fred went upstairs and opened the door to a unit. Ms. Seaman followed. He called someone on his cell phone while Ms. Seaman looked around.

13.   Ms. Seaman tried to open the door to the deck. She could not get the door to open. She asked Fred if he could open it. He said he did not have time and escorted her out the door and down the stairs. She stated that she liked the way that he had remodeled the apartment and would like an application. He opened the door to his truck, looked through some papers that were on the front seat, and then stated that he did not have any applications. He stated that he would get an application to her

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

4

later. He then got into his truck, backed out of the parking area, and drove away.

14. Over the next 24 hours, Ms. Seaman called Fred three times. He did not answer the phone. She left three voice mail messages, each to the effect that her name was Angela, she had seen the apartment on Poplar, and wanted to make arrangements to get an application. Fred did not return her calls. On the morning of February 12, 2007, Ms. Seaman sent an email to Fred through his craigslist.com posting. Her email stated that she liked the apartment and wanted an application.

15. On February 13, 2007, at approximately 10:13 p.m., Ms. Seaman received an email from Fred. The email read:

> Ms. Seaman,
> Sorry it's taken a while to get back with you. I have been extremely busy. As I mentioned another applicant was there before you and had subsequently gave [sic] me an application. I have been waiting for the credit report to come back and it looks good. I will now be doing verifications. If this person does not check out I will contact you.
>
> Fred Eftekari
> RE/MAX
> Today

16. Ms. Seaman never received another call, email or other communication from Fred Eftekari.

17. On or about February 21, 2007, Ms. Seaman observed a listing on craigslist.com for an apartment for rent at the Poplar Building. The description of the apartment was substantially similar to the description provided in the ad she had seen earlier in the month, but the rent was $1300 instead of $1400. The ad provided an address of 317 Poplar.

**C. MS. SEAMAN COMPLAINS TO MCFH AND MCFH INVESTIGATES.**

18. On or about the same date, Ms. Seaman contacted Mid-Peninsula Citizens for Fair Housing ("MCFH") to complain that Mr. Eftekari engaged in housing discrimination based on race or color or both. MCFH is a local fair housing agency that serves Redwood City and several other surrounding communities. MCFH accepts complaints of housing discrimination, conducts investigations into those allegations, and

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

5

provides counseling and referral services for homeseekers and housing providers concerning the fair housing laws.

19. In response to Ms. Seaman's complaint, MCFH investigated the operation of the Poplar Building using fair housing testers. The testing revealed that defendant discriminates on the basis of race, color, or both.

20. On February 28, 2007, at approximately 11:15 am, an African-American fair housing tester, "BP," contacted Mr. Eftekari by phone. He agreed to show BP an available apartment at 317 Poplar at 1:00 p.m., later the same day.

21. On February 28, 2007, at approximately 12:55 p.m., BP arrived at 317 Poplar to meet Mr. Eftekari and see the available apartment. She waited in her car on the street outside the Poplar Building since she was early. While she was waiting, she received a call on her cell phone. It was Mr. Eftekari. He asked BP if she was at the Poplar Building. She said yes. He stated that he was running late. He asked BP if she saw any workers upstairs. She then drove into the driveway of the Poplar Building.

22. After looking around, BP reported to Mr. Eftekari that she did not see any workers but that she saw a truck near the stairs. Mr. Eftekari stated that the truck belonged to a tenant. He then asked BP, "how do you like the neighborhood? It's kind of rough. Don't park your car on the street because we've had a lot of break-ins," or words to that effect. Mr. Eftekari added, "we've had garage break-ins, too," or words to that effect. He stated that he was not trying to talk BP out of renting, but that there was no need to show her the apartment if she did not like the neighborhood. Mr. Eftekari asked BP if she was looking at other apartments. She said yes. He told her to call him back if she was still interested in the Poplar Building.

23. At approximately 1:55 p.m. the same day, BP called Mr. Eftekari. She received Mr. Eftekari's voice mail. She left a message asking if he could show her the apartment at 2:30 p.m. She did not receive a call back.

24. On March 2, 2007, a Caucasian fair housing tester, "JM," called Mr. Eftekari and left a message asking to make an appointment to see the apartment at the

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

6

1  Poplar Building. On March 3, 2007, at approximately 6:30 p.m., Mr. Eftekari returned
2  JM's call. They agreed to meet on the following day, March 4, 2007 at 10:30 a.m.
3        25.    On March 4, 2007, at approximately 10:35 a.m., JM arrived at the Poplar
4  Building and found Mr. Eftekari working in a vacant apartment. Mr. Eftekari was very
5  friendly to JM. They discussed that the building was quiet, since it backed a cemetery.
6  Mr. Eftekari added that it was a multicultural neighborhood, and that there was more
7  noise in the summer with Hispanic music playing through open windows. Mr. Eftekari
8  also volunteered that he would be serving an eviction notice on a tenant downstairs.
9  He asked JM if she had children. He said he had "a couple of little ones" who were "a
10 lot of fun" or words to that effect.
11       26.    JM looked around the apartment and stated that she thought the kitchen
12 was nice. Mr. Eftekari took a rental application from the kitchen counter and handed it
13 to JM. She asked if there was a fee for the application or credit check. Mr. Eftekari
14 replied that it was $20.00, but that she could fax back the application and pay later. He
15 then accompanied her downstairs, reached into his truck, and returned with his
16 business card. JM stated that she would speak with her husband about the apartment
17 and get back to Mr. Eftekari. Mr. Eftekari stated that he felt the rent was very
18 reasonable, and that he liked to keep it "below market to get good tenants who will
19 stay," or words to that effect. JM thanked Mr. Eftekari and left.
20       27.    Further investigation by MCFH revealed that apartment 202 at the Poplar
21 Building was vacant until approximately mid-April 2007, when a Caucasian man and
22 woman moved in. Apartment 201 at the Poplar building was vacant until approximately
23 May 20, 2007, when a Caucasian woman moved in.

## V. INJURIES

25       28.    By reason of defendant's unlawful acts and practices, Ms. Seaman has
26 suffered loss of an important housing opportunity, violation of her civil rights, emotional
27 distress and attendant physical injury, humiliation and mental anguish, and other
28 special and general damages according to proof. Accordingly, she is entitled to

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

1 compensatory damages.

2   29.   In doing the acts of which plaintiff complains, defendant acted with reckless disregard for plaintiff's civil rights. Accordingly, plaintiff is entitled to punitive damages.

30.   There now exists an actual controversy between the parties regarding defendant's duties under the federal and state fair housing laws. Accordingly, plaintiff is entitled to declaratory relief.

31.   Unless enjoined, defendant will continue to engage in the unlawful acts and the pattern or practice of discrimination described above. Plaintiff has no adequate remedy at law. Plaintiff is now suffering, and will continue to suffer, irreparable injury from defendant's acts and pattern or practice of discrimination based on race, color, or both, unless relief is provided by this Court. Accordingly, plaintiff is entitled to injunctive relief.

## VI. CLAIMS

### A. FIRST CLAIM

### [Fair Housing Act]

32.   Plaintiff realleges and incorporate by reference all previous paragraphs of this Complaint.

33.   Defendant has injured plaintiff by committing discriminatory housing practices in violation of the federal Fair Housing Act, 42 U.S.C. section 3601 et seq.

### B. SECOND CLAIM

### [Civil Right Act of 1866]

34.   Plaintiff realleges and incorporates by reference all previous paragraphs in this Complaint.

35.   Defendant has injured plaintiff by discriminating against her in the rental of housing because of race or color in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1982.

### C. THIRD CLAIM

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

1 | **[California Fair Employment and Housing Act]**

2 | 36. Plaintiff realleges and incorporates by reference all previous paragraphs
3 | in this Complaint.

4 | 37. Defendant has injured plaintiff by committing discriminatory housing
5 | practices in violation of the California Fair Employment and Housing Act, California
6 | Government Code section 12955, et seq.

7 | **D. FOURTH CLAIM**

8 | **[California Unruh Civil Rights Act]**

9 | 38. Plaintiff realleges and incorporates by reference all previous paragraphs
10 | of this Complaint.

11 | 39. Defendant injured plaintiff by committing unlawful practices in connection
12 | with operation of the Poplar Building, a business establishment, in violation of the
13 | Unruh Civil Rights Act, California Civil Code section 51, et seq.

14 | **E. FIFTH CLAIM**

15 | **[Unfair Business Practices]**

16 | 40. Plaintiff realleges and incorporates by reference paragraphs all previous
17 | paragraphs of this Complaint.

18 | 41. In acting as herein alleged, defendant has engaged in a pattern or
19 | practice of unlawful discrimination in the operation of the Poplar Building, a business
20 | establishment, and therefore has engaged in acts of unfair competition as the same is
21 | defined in section 17200 of the Business & Professions Code.

22 | 42. In bringing this action for relief, plaintiff is acting in the interest of herself
23 | and the general public pursuant to the California Business and Professions Code
24 | section 17204.

25 | **VII. RELIEF**

26 | Wherefore, plaintiff prays for entry of judgment against defendant that:

27 | 1. Awards compensatory, statutory and punitive damages according to
28 | proof;

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

9

2. Declares that defendant has violated the provisions of the applicable federal and state fair housing laws;

3. Enjoins all unlawful practices complained about herein and imposes affirmative injunctive relief requiring defendant, his partners, agents, employees, assignees, and all persons acting in concert or participating with him, to take affirmative action to provide equal housing opportunities to all tenants and prospective tenants regardless of race or color;

4. Awards costs of this action, including reasonable attorneys' fees; and,

5. Awards all such other relief as the Court deems just.

Dated: August 24, 2007.

Respectfully submitted,

BRANCART & BRANCART

_____
Liza Cristol-Deman
Attorneys for Plaintiff

### VIII. JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby request a trial by jury.

Dated: August 24, 2007.

Respectfully submitted,
BRANCART & BRANCART

_____
Liza Cristol-Deman
Attorneys for Plaintiff

///
///
///
///
///

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

## IX. CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: August 24, 2007.

Respectfully submitted,
BRANCART & BRANCART

*(signature)*

Liza Cristol-Deman
Attorneys for Plaintiff

COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF;
DEMAND FOR TRIAL BY JURY; CERTIFICATION OF INTERESTED ENTITIES OR PERSONS