BRANCART & BRANCART
Christopher Brancart (SBN 128475)
Liza Cristol-Deman (SBN 190516)
Post Office Box 686
Pescadero, CA 94060
Tel: (650) 879-0141
Fax: (650) 879-1103
cbrancart@brancart.com
lcristoldeman@brancart.com

Attorneys for Plaintiff

VALINOTI & DITO, LLP
Kenneth L. Valinoti (SBN 118442)
180 Montgomery Street, Suite 940
San Francisco, CA 94104-4223
Tel: (415) 986-1338
Fax: (415) 986-1231
kvalinoti@valinoti-dito.com

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**ANGELA SEAMAN, individually and on behalf of the GENERAL PUBLIC,**

**Plaintiff,**

**vs.**

**FREIDON EFTEKHARI, also known as FRED EFTEKARI,**

**Defendant.**

**Case No. C-07-4419 BZ**

**JOINT CASE MANAGEMENT STATEMENT AND RULE R6(f) REPORT**

**Initial Case Management Conference:**
**Date: January 7, 2008**
**Time: 4:00 p.m.**
**Place: Courtroom of the Hon. Bernard Zimmerman**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 16-9 and the standing order for all judges of the Northern District of California, the parties in this action hereby submit their joint case management statement and Rule 26(f) Report.

**1. <u>Jurisdiction and Service:</u>**

The parties agree that this Court has federal question jurisdiction over plaintiff's claims under the federal Fair Housing Act, 42. U.S.C. section 3601 *et seq.*, and supplemental jurisdiction over plaintiff's state law claims. There are no special issues with respect to venue or personal jurisdiction. Defendant has been served and has

appeared in the case through his attorneys.

***2.*** **Facts:**

**Plaintiffs' Allegations:** This is a fair housing case. Plaintiff Angela Seaman alleges that defendant, Freidon Eftekhari, who owns a four-unit apartment building at 317 Poplar in Redwood City, California (the "Poplar Building"), discriminated against her based on her race (African-American), in violation of the federal Fair Housing Act and related federal and state laws.

Plaintiff alleges that in early February 2007, she responded to a classified posting on the website Craigslist.com regarding an apartment for rent in Redwood City. She called the number listed in the posting and spoke with a man who identified himself as Fred. Ms. Seaman and Fred scheduled an appointment for February 11, 2007 at 11:00 a.m.

On or about February 11, 2007, shortly before 11:00 a.m., Ms. Seaman arrived at the Poplar Building to meet with Fred and see the apartment for rent. She walked around the building and waited. Shortly after 11:00 a.m., a man drove up in a truck and parked near the building stairs. He walked to a unit in the building and then returned to his truck. He did not acknowledge Ms. Seaman, and she assumed he was a tenant.

After waiting for nearly 30 minutes, Ms. Seaman called Fred from her cell phone. She reached his voice mail. She left a message stating that she was Angela and she was waiting for him at the Poplar Building. Shortly after she left the message, the man got out of the truck and approached Ms. Seaman. He asked, "did you just leave me a message?," or words to that effect. Ms. Seaman said, "Are you Fred?" The man replied that he was Fred. Ms. Seaman said, "I'm Angela." Fred looked Ms. Seaman up and down and said, "Interesting."

Fred then stated that he did not have much time. He reluctantly showed her the unit while talking to someone on his cell phone, and refused to show her all the features of the unit. When she asked for a rental application, Fred claimed that he did not have any with him.

Over the next 24 hours, Ms. Seaman called Fred three times and left three messages trying to obtain an application. Fred did not return her calls. On the morning of February 12, 2007, Ms. Seaman sent an email to Fred through his craigslist.com posting. Her email stated that she liked the apartment and wanted an application.

On February 13, 2007, Ms. Seaman received an email from "Fred Eftekari" claiming that another applicant had already submitted an application. The email stated that Mr. Eftekari would let Ms. Seaman know if the other applicant did not work out. Ms. Seaman never received another call, email or other communication from Fred Eftekari. But Mr. Eftekari continued to post rental listings for the Poplar Building on craigslist.com.

Ms. Seaman then contacted Mid-Peninsula Citizens for Fair Housing ("MCFH") and reported that she believed she had been the victim of housing discrimination based on her race or color or both. MCFH investigated the operation of the Poplar Building using fair housing testers. The testing corroborated Ms. Seaman's allegation. First, the testing demonstrated that apartments remained available even after Mr. Eftekhari contended that another applicant was in the process of renting the available unit. Second, the testing revealed disparate treatment based on race. Mr. Eftekhari cancelled his appointment with the African American tester after she showed up at Poplar Building. He then discouraged her from renting there because of crime in the neighborhood. Moreover, he failed to return her calls when she contacted him to reschedule the appointment. By contrast, Mr. Eftekhari was friendly and encouraging when he showed a unit to a white tester who contacted him after the African American tester. Further investigation by MCFH revealed that one apartment at the Poplar Building was vacant until approximately mid-April 2007, when a Caucasian man and woman moved in. Another apartment at the Poplar building was vacant until approximately May 20, 2007, when a Caucasian woman moved in.

**Defendant's Allegations:**

Defendant filed an Answer addressing each of the allegations in Plaintiff's

Complaint, and asserting affirmative defenses. Without restating each of them here, Defendant contends, generally, that he did not discriminate against Plaintiff because of her race, nor for any other legally protected reason. Furthermore, the allegations stated in the Complaint, and re-characterized herein by Plaintiff, are purely circumstantial and speculative in nature; they fail to state a prima facie claim of discrimination, and fail to show a pattern or practice of discrimination. Defendant also contends that Plaintiff was not damaged.

**3. Legal Issues:**

Plaintiff contends that defendant has committed the following practices:

A. Discriminating in the rental of, or otherwise making unavailable or denying dwellings to any renter because of race or color or both, in violation of the Fair Housing Act, 42 U.S.C. § 3604 (a); *see also* 24 C.F.R. § 100.60(b)(2);

B. Restricting or attempting to restrict the choices of a person by word or conduct in connection with seeking, negotiating for, or renting a dwelling, because of race, color, or both, in violation of the Fair Housing Act, 42 U.S.C. § 3604 (a); 24 C.F.R. § 100.70 (a);

C. Representing to any person because of race, color, or both that a dwelling is not available for rental when such dwelling is in fact available in violation of the Fair Housing Act, 42 U.S.C. § 3604 (d); 24 C.F.R. § 100.75;

D. Discouraging any person from inspecting or renting a dwelling because of race, color, or both, in violation of the Fair Housing Act, 42 U.S.C. § 3604 (a); 24 C.F.R. § 100.70 (c)(1);

E. Discouraging the rental of a dwelling because of race, color, or both by exaggerating drawbacks or failing to inform any person of desirable features of a dwelling, in violation of the Fair Housing Act, 42 U.S.C. § 3604 (a); 24 C.F.R. § 100.70 (c)(2);

F. Indicating through words or conduct that a dwelling which is available for

        inspection or rental has been rented because of race, color, or both, in violation of the Fair Housing Act, 42 U.S.C. § 3604 (d); 24 C.F.R. § 100.80 (b)(1);

G. Limiting information, by word or conduct, regarding suitably priced dwellings available for inspection or rental because of race, color, or both, in violation of the Fair Housing Act, 42 U.S.C. § 3604 (d); 24 C.F.R. § 100.80 (b)(4); and,

H. Providing false or inaccurate information regarding the availability of a dwelling for rental to any person, including testers, regardless of whether such person is actually seeking housing, because of race, color, or both, in violation of the Fair Housing Act, 42 U.S.C. § 3604(d); 24 C.F.R. § 100.80 (b)(5).

I. Engaging in housing discrimination based on race in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1982;

J. Engaging in housing discrimination based on race, color, or both, in violation of the California Fair Employment and Housing Act, Government Code §§ 12927, 12955 et seq.;

K. Engaging in arbitrary discrimination in connection with the operation of a business establishment in violation of the Unruh Civil Rights Act, Civil Code § 51 et seq.; and,

L. Engaging in unfair business practices by violating the Fair Housing Act and related federal and state laws, in violation of California Business and Professions Code § 17200 et seq.

Defendants contend:

The allegations stated in the Complaint, and re-characterized herein by Plaintiff, are purely circumstantial and speculative in nature; they fail to state a prima facie claim of discrimination, and fail to show a pattern or practice of discrimination.

/ / /

**4. Motions:**

Defendant intends to file a motion for summary judgment following depositions and written discovery.

**5. Amendment of Pleadings:**

The parties are not aware of any necessary amendments to the pleadings at this time. The parties propose a deadline of April 30, 2008 to amend the pleadings.

**6. Evidence Preservation:**

Plaintiffs and Defendants are aware of the duty to preserve all documents and things relevant to the facts alleged in this case.

**7. Disclosures:**

The parties have agreed to serve their initial disclosures on December 3, 2007.

**8. Discovery:**

The parties have agreed to serve an initial round of requests for production of documents designed to establish foundational facts and prepare the parties for a mediation session. Plaintiff also will take Mr. Eftekhari's deposition in the early stage of discovery, but Plaintiff is uncertain about whether it will take place before or after the mediation session. If the mediation is unsuccessful, Plaintiff will conduct additional written discovery including interrogatories and request for admissions.

The parties do not believe that any formal phases or stages for discovery should be ordered. The parties believe that the default limitations on discovery provided in the Federal Rules of Civil Procedure should apply. The parties do not recommend additional restrictions or expansions at this time.

**9. Class Actions:**

Not applicable.

**10. Related Cases:**

None.

**11. Relief:**

Plaintiff seeks compensatory damages, statutory damages under the Unruh Act,

punitive damages, injunctive relief, and declaratory relief. Plaintiff's compensatory damages are based on her lost housing opportunity, violation of her civil rights, and emotional distress and attendant bodily injuries, such as sleeping problems and stomach aches.

**12. Settlement and ADR:**

Both sides have expressed interest in conducting early settlement negotiations through the Northern District mediation program. The parties have filed a stipulation seeking a referral to a mediator. The parties believe that their initial disclosures and responses to one set of requests for production of documents will adequately prepare them to participate in mediation.

**13. Consent to Magistrate Judge for All Purposes:**

Plaintiff and defendant have signed and filed forms consenting to proceed before this Court for all purposes.

**14. Other References:**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multi-district Litigation.

**15. Narrowing of Issues:**

Before the close of discovery, plaintiff intends to serve requests for admissions to determine if there are any undisputed material facts. Defendant intends to do the same.

**16. Expedited Schedule:**

This is not the type of case that can be handled on an expedited basis with streamlined procedures.

/ / /

**17. Scheduling:**

The parties agree to the following proposal regarding scheduling:

| Event | Date |
|---|---|
| Expert designation | April 28, 2008 |

| Rebuttal expert designation | May 30, 2008 |
|---|---|
| Non expert Discovery Cut Off | May 23, 2008 |
| Expert Discovery Cut Off | July 3, 2008 |
| Hearing of Dispositive Motions | June 17, 2008, 10:00 a.m. |
| Pretrial Conference | July 2008 |
| Trial | August 2008 |

**18. Trial:**

Both sides have requested a jury trial. The parties anticipate that the trial will last three to five days.

**19. Disclosure of Non-party Interested Entities or Persons.**

All parties have filed the certification of interested entities. The following disclosures were made in plaintiffs' certification:

"Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report."

The following disclosures were made in defendants' certification:

**20. Other:**

Not applicable.

Respectfully submitted,

BRANCART & BRANCART

Date: 12/4/07.

[signature]
Liza Cristol-Deman
Attorneys for Plaintiff

VALINOTI & DITO, LLP

Date: 12/3/07.

See attached fax
James S. McPherson
Attorneys for Defendant

| Rebuttal expert designation | May 30, 2008 |
|---|---|
| Non expert Discovery Cut Off | May 23, 2008 |
| Expert Discovery Cut Off | July 3, 2008 |
| Hearing of Dispositive Motions | June 17, 2008, 10:00 a.m. |
| Pretrial Conference | July 2008 |
| Trial | August 2008 |

**18. Trial:**

Both sides have requested a jury trial. The parties anticipate that the trial will last three to five days.

**19. Disclosure of Non-party Interested Entities or Persons.**

All parties have filed the certification of interested entities. The following disclosures were made in plaintiffs' certification:

"Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report."

The following disclosures were made in defendants' certification:

**20. Other:**

Not applicable.

Respectfully submitted,

BRANCART & BRANCART

Date: ____________.

______________________
Liza Cristol-Deman
Attorneys for Plaintiff

VALINOTI & DITO, LLP

Date: 12/03/07.

______________________
James S. McPherson
Attorneys for Defendant